UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAUL LABRADOR, Attorney General of the State of Idaho,<br><br>　　　　Defendant. | Case No. 1:23-cv-00424-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

The Clerk of the Court conditionally filed Plaintiff John Doe's Complaint (Dkt. 3) on September 26, 2023, pending his request to proceed in forma pauperis. (Dkt. 2). Additionally, Doe filed numerous motions including a Motion to Seal Case (Dkt. 1); a Motion to Appoint Counsel (Dkt. 4); a Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 5); a Motion for Leave to File Excess Pages (Dkt. 6); and a Motion for Service by U.S. Marshal (Dkt. 8). For the reasons set forth below, the Court grants Doe's application to proceed in forma pauperis and for service. The Court denies Doe's motion to appoint counsel. Further, the Court denies Doe's motion to file excess pages and strikes Doe's 147-page "Brief in Support of Motions" (Dkt. 7). Once Defendant has filed responsive briefing and the motions are ripe, the Court will rule on the Motion to Seal (Dkt. 1) and the Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 5).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

This Court reviews Doe's request to proceed in forma pauperis under 28 U.S.C. § 1915, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also initially reviews Doe's Complaint to ensure it meets the

minimum required standards.  For the reasons explained below, the Court grants Doe's application to proceed in forma pauperis and will allow him to pay a partial filing fee on a payment schedule.

### A.  Fee Payment

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1).  To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required.  The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide "the necessities of life" for himself and his dependents.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court finds Doe's application to proceed in forma pauperis is sufficiently particular, specifying income, sources of income, cash on hand, assets, expenses, and dependents.  (Dkt. 2).  Doe indicates his monthly household income, which is solely earned by his spouse, is $5054; his monthly household expenses total $4957, which includes $250 towards clothing and $200 for travel expenses; he and his spouse own two vehicles; they have two children who rely on him and his spouse for support.  (Dkt. 2 at 3-4).  Doe's affidavit further indicates he and his spouse do not have any cash and have $45 in a bank account.  (*Id.* at 3).

Based on this information, the Court grants Doe's request to proceed in forma pauperis, finds he is unable to pay the $402 filing fee, but concludes he can pay a partial filing fee.  *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (observing courts have discretion to impose partial filing fees under in forma pauperis statute).  Given Doe's financial situation, the Court requires Doe to pay a $200 filing fee.  *See id.* (noting that "[r]equiring the payment of fees according to a plaintiff's ability to pay serves the in forma pauperis statute's goal of granting equal access to the courts" while also "defraying some of the judicial costs of litigation").  Doe need not prepay the fee *in full*; however, he must pay $50 per month to the Clerk of Court, on or before the last day of each month, with the first payment due October 31, 2023, until the filing fee is paid in full.  Failure, at any time, to comply with this payment schedule will result in dismissal of this case

without further notice.  Further, as the Court concludes Doe may proceed in forma pauperis under 28 U.S.C. § 1915, it grants his motion for service by the United States Marshall under Rule 4(c)(3) of the Federal Rules of Civil Procedure.  (Dkt. 8).

### B.  Complaint Screen

The Court is also required to screen complaints brought by litigants who seek in forma pauperis status.  *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a plaintiff's complaint, or any portion thereof, if it:  (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).  To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend.  *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Doe asserts claims under 42 U.S.C. § 1983.  To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In his eighty-nine-page Complaint, Doe asserts Defendant's "maintenance, administration, and enforcement" of Idaho's Sex Offender Registration Notification and Community Right to Know Act, Idaho Code §§ 18-8301-8331, with respect to Doe, violates his Fifth Amendment right against self-incrimination.  (Dkt. 3 at 13-21, 63-71).  In addition, Doe alleges, among other claims, violations of his Fifth Amendment right against double jeopardy; his Eighth Amendment right against cruel and unusual punishment; equal protection under the Fourteenth Amendment; his Fifth, Sixth, and Fourteenth Amendment rights to a "presumption of innocence"; and his First Amendment right to free speech.  (*Id*. at 21-42, 71-78).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint examined under Rule 12(b)(6), regarding whether relief can be granted, "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555. The complaint, however, must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A court must accept as true, all factual allegations, but not legal conclusions. *Iqbal*, 556 U.S. at 678. In this case, Doe's factual allegations appear sufficient to support his claims on this initial review. (Dkt. 3).

### III.  MOTION TO SEAL

Doe filed a fifteen-page Emergency Motion to File Under Seal and Pseudonym Under Seal, which includes argument and authority. (Dkt. 1). He moves the Court to allow him to proceed in this action "using a pseudonym" ("Doe") and "to file the complaint, motions, affidavits, disclosures, and various other documents under seal while providing redacted copies for public release and to file under pseudonym." (Dkt. 1 at 2).

Absent special circumstances, parties are required to identify themselves by name in their pleadings. Federal Rule of Civil Procedure 10(a) requires "the title of the complaint must name all the parties." A plaintiff's use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Nevertheless, the Ninth Circuit has held a party may proceed anonymously when special circumstances justify secrecy. *Id*. Special circumstances exist "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. In determining whether a pseudonym may be used to shield a party from retaliation, the court should consider:  (1) the severity of the threatened harm; (2) the reasonableness of the party's fears; and (3) the party's vulnerability to retaliation. *Id*. The Ninth Circuit has previously ruled a party's status as a convicted sex offender is not adequate to justify using a pseudonym. *United States v. Stoterau*, 524 F.3d 988, 1012-13 (9th Cir. 2008) (ruling sex offender failed to show need for anonymity); *but see Doe v. Cnty. of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, *4 (E.D. Cal. Dec. 2, 2013) (finding sex offender challenging constitutionality of statutes had demonstrated necessity to proceed under pseudonym).

Additionally, the Court generally will not seal the record in an entire case and will not seal specific documents in a case without the proper showing.  There is a presumption in favor of public access to court records absent a compelling reason.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "[A]ccess to judicial records is not absolute," however.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Two standards govern whether a document should be sealed:  a "compelling reasons" standard and a "good cause" standard.  *Id.* at 1179-80; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

Generally, the compelling reasons standard applies to determine whether to seal documents in a case.  *See Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (noting good cause standard relates to documents attached to discovery motion unrelated to case merits or documents only tangentially related to underlying action).  Under the compelling reasons standard, the party seeking to have a document sealed must articulate compelling reasons supported by specific factual findings; he must identify the interests favoring secrecy; and he must show these specific interests outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process.  *Kamakana*, 447 F.3d at 1179-81.  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

Doe asserts the factors weigh in favor of the Court allowing him to proceed using a pseudonym and filing under seal.  The Court requires the parties' briefing to balance Doe's need for anonymity, the prejudice his anonymity in this case might cause Defendant, and the public interest.  Once Defendant has responded and the motion is ripe, the Court will rule whether compelling reasons justify sealing any documents in the case, whether to allow Doe to proceed

using a pseudonym,[1] or whether to require him to file an amended complaint disclosing his identity.

## IV.  MOTION TO APPOINT COUNSEL

Doe requests the Court appoint him counsel.  He cites *Boyd v. United States*, 116 U.S. 616, 626 (1886), as support for his position that his case is criminal in nature.  He also cites Federal Rule of Criminal Procedure 44(a), which provides, "A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right."  Fed. R. Crim. P. 44(a).  *Boyd*, however, has been overruled and does not stand for the proposition that Federal Rules of Criminal Procedure are applicable to cases that are civil in nature.  Doe initiated this civil action against Defendant, and the Federal Rules of Criminal Procedure are not applicable to it.

Further, indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court.  *Godwin v. Wisconsin Gas Co.*, 788 F. Supp. 1019, 1019 (E.D. Wis. 1992).  A plaintiff who has met the requirement of indigence is entitled to appointment of counsel only in exceptional circumstances.  *Bailey v. Lawford*, 835 F. Supp. 550, 551 (S.D. Cal. 1993) (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)).  Under *Wilborn*, "[a] finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  789 F.2d at 1331 (internal citations omitted).   In addition to demonstrating indigence, courts have required plaintiffs to demonstrate they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney.  *French v. Mitchell*, No. 3:22-cv-01355-MMA-AHG, 2023 WL 4535530, at *1 (S.D. Cal. July 13, 2023) (citing *Bailey*, 835 F. Supp. at 552).

In support of his request for appointed counsel, Doe argues "he lacks the requisite skill in the science of the law to sufficiently represent himself without making incriminating disclosures."

---

[1]      Assuming Doe meets the standard for proceeding under a pseudonym, that procedure likely avoids the need to seal any documents in the record.

(Dkt. 4 at 2).  As explained by the *French* Court, however, when addressing plaintiff's request for counsel:

> The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate her claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. . . .  In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.

*French*, 2023 WL 4535530, at *4.  Further, Doe fails to demonstrate he has made diligent efforts to secure counsel.  For these reasons, the motion to appoint counsel is denied.  (Dkt. 4).

## V.  MOTION FOR LEAVE TO FILE EXCESS PAGES

Idaho District Local Civil Rule 7.1 provides the requirements for motion practice. Specifically, Rule 7.1 provides a movant must file a motion, stating briefly the relief sought, and a separate brief setting forth all the supporting reasons, points, and authorities.  Dist. Idaho Loc. Civ. R. 7.1(b)(1).  Rule 7.1 limits this supporting brief to twenty pages absent the Court's express leave, which will be granted only in unusual circumstances.  Dist. Idaho Loc. Civ. R. 7.1(a)(2), (b)(1).  Further, reply briefs are limited to ten pages without express leave granted only in unusual circumstances.  *Id.*  Contrary to these rules, Doe filed a 149-page Brief in Support of Motions, which includes arguments in favor of the motions for a temporary restraining order and preliminary injunction.[2]  (Dkt. 7).  Doe seeks leave to file the supporting brief "as long as it does not exceed 180 pages in length" and a reply brief "as long as it does not exceed 90 pages in length."  (Dkt. 6

---

[2]  Doe attempts to make a motion for summary judgment within the supporting brief.  (Dkt. 7 at 11, 146-47).  Doe's motion does not comply with Rule 7.1.  Dist. Idaho Loc. Civ. R. 7.1(b)(1). Furthermore, a motion is premature.  Federal Rule of Civil Procedure Rule 56(b) provides "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." "However, even where a motion for summary judgment is technically compliant with the Rule, 'in many cases [a] motion [filed at the commencement of an action] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.'" *Homesite Ins. Co. v. Schlackman*, No. C22-1106RSL, 2023 WL 3172251, at *5 (W.D. Wash. May 1, 2023) (quoting Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendment).

at 2).  In support, Doe notes he has alleged nine claims for relief against Defendant, and "[t]o force the Plaintiff here to refile each cause as a separate complaint merely to allow briefs of 20 pages for each individual cause of action would be plainly wasteful for the Court, Plaintiff, and Defendant."  *Id*. at 3.  Doe misunderstands Rule 7.1(b), which limits briefs in support of motion to twenty pages.

The Court denies Doe's requests to file overlength briefing.  Doe has failed to show that he is unable to comply with Local Rule 7.1 or that unusual circumstances justify him exceeding the pages limits by 160 pages and 80 pages, respectively.  Accordingly, the Court strikes Doe's 149-page Brief in Support of Motions.  (Dkt. 7).  Doe is ordered to submit a brief in support of his Motion for Temporary Restraining Order and Motion for Preliminary Injunction within twenty-one (21) days after this order's entry.  The brief must comply with the twenty-page limit under Local Rule 7.1(a)(2) and (b)(1), and the Court will not consider any brief that violates the Local Rules.

## VI. ORDER

**IT IS ORDERED that:**

1.      Plaintiff's In Forma Pauperis Application (Dkt. 2) is **GRANTED**.  Doe is not required to pay the entire filing fee, but Doe must pay a $200 filing fee.  Doe must pay $50 per month to the Clerk of Court, on or before the last day of each month, with the first payment due October 31, 2023, until the filing fee is paid in full.  Failure, at any time, to comply with this payment schedule will result in dismissal of this case without further notice.

2.      Plaintiff's Motion to Appoint Counsel (Dkt. 4) is **DENIED**.

3.      Plaintiff's Motion for Leave to File Excess Pages (Dkt. 6) is **DENIED**.

4.      Plaintiff's Brief in Support of Motions (Dkt. 7) is a 149-page brief, which is **STRICKEN** because it violates Local Rule 7.1(a)(2) and (b)(1).  Plaintiff is ordered to submit a brief in support of his Motion for Temporary Restraining Order and Motion for Preliminary Injunction within TWENTY-ONE (21) DAYS after this order's entry.  The brief must comply with the twenty-page limit under Local Rule 7.1(a)(2) and (b)(1).

5.      Plaintiff's Motion for Service by U.S. Marshal is **GRANTED** pursuant to Fed. R. Civ. P. 4(c)(3).  The Clerk of the Court is directed to issue summonses and provide the United States Marshals Service with a copy of the Motion to Seal Case (Dkt. 1), Complaint (Dkt. 3),

Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Dkt. 5), and the instant order to be served upon the Defendant.

DATED: October 18, 2023

Amanda K. Brailsford
U.S. District Court Judge